J-A16040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDRICK DANIEL BIICHLE | : | |
| | : | |
| Appellant | : | No. 46 MDA 2021 |

Appeal from the PCRA Order Entered October 19, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000099-2018

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: AUGUST 16, 2021**

Appellant, Fredrick Daniel Biichle, appeals from the Order entered by the Court of Common Pleas of Bradford County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, after an evidentiary hearing.  Appointed counsel has filed a petition to withdraw and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) in which are raised two issues requested by Appellant, namely, that trial counsel was ineffective in failing to enforce a plea agreement which Appellant believed was for 18 months in the State Intermediate Punishment

_____

[*] Former Justice specially assigned to the Superior Court.

Program ("SIP"),[1] and that counsel was ineffective in failing to file a requested direct appeal of his sentence. We affirm and grant counsel's petition to withdraw.

The PCRA court has authored a Pa.R.A.P. 1925(a) opinion setting forth the pertinent procedural history:

> On March 29, 2018, Appellant pled guilty to Driving Under the Influence, General Impairment, second offense in ten years, 75 Pa.C.S.A. §3802(a)(1), an ungraded misdemeanor, and Driving Under Suspension, 75 Pa.C.S.A 1543(b) (fourth or subsequent offense), a misdemeanor of the first degree. **See** Plea Hearing Transcript, Pg. 1. The plea agreement as set forth on the record was that the Commonwealth recommended that Appellant be considered for the SIP Program and all remaining counts would be dismissed at sentencing. [**Id**.]
>
> A thorough written plea colloquy was completed by Appellant and counsel. **See** Plea Colloquy, April 2, 2018 (dated March 29, 2018). Further, an oral colloquy by the court was conducted explaining the maximum jail sentences and the maximum fines that could be imposed. **See** Plea Hearing Transcript, Pg. 6. Further, it was explained that the court does not have to accept the recommendation or any plea agreement reached between Appellant and the Commonwealth. [**Id**.]
>
> Appellant was transferred to the State Correctional Institute at Camp Hill for the SIP evaluation. However, on or about July 5, 2018, the Court was notified that Appellant had been released from the SCI [erroneously and] without an evaluation[,] and a bench warrant was issued for his arrest. **See** Order July 5,

---

[1] As noted by the PCRA court, the SIP was the predecessor to the current Drug Treatment Program, 61 Pa.C.S.A. § 4105, effective February 2020. SIP required an evaluation by the Department of Corrections to determine if a defendant was eligible for said program and if accepted, the program duration was 24 months.

2018.[2]  Appellant was eventually picked up in 2019.  Appellant was not accepted into the SIP program.  **See** Sentencing Transcript, Pg. 1.

Appellant was sentenced on August 27, 2019 for the offense of Driving Under the Influence [DUI] to three (3) months – six (6) months and for the offense of Driving While Suspended to thirty (30) months – sixty (60) months for an aggregate minimum of thirty-three (33) months to an aggregate maximum of sixty-six (66) months.  The sentence for DUI was in the standard range and the sentence for Driving While Suspended was in the aggravated range of the sentencing guidelines (Appellant's prior record score was 5).  The [DUI] was Appellant's 8th DUI conviction in his lifetime.  **Id.**, pg. 8.  The Driving While Suspended was Appellant 5th such conviction.  **Id**.

[The trial court took judicial notice of the fact that after] Appellant was released from the SCI, he "ended up in Lycoming County and committing another crime."  **Id**., Pg. 9; **see also** Sentencing Transcript, Pg. 2, wherein counsel advises [the court] Appellant has a case in Lycoming County "for the same thing.").

. . .

[With respect to Appellant's plea agreement,] [t]he written plea colloquy does not indicate an agreement for SIP program.  **See** Plea Colloquy, April 2, 2018.  Further, the plea agreement as stated on the record by the Assistant District Attorney was that Appellant plead guilty to the said offenses and "[t]he sentence would be open to the Court.  We are recommending that he be considered for the SIP Program.  All remaining counts to be dismissed at sentencing."  **See** Plea Transcript, March 29, 2018, Pg. 1.  Finally, Appellant was asked if he heard the plea agreement that was stated on the record and was it consistent with his understanding to which he responded yes.  **Id.**, Pg. 7.

. . .

_____

[2] The Department of Corrections erroneously released Appellant from custody without completing the SIP evaluation, and shortly thereafter Appellant was charged in Lycoming County with another DUI offense which occurred after his erroneous release but before he was sentenced in the present case.

[With respect to Appellant's claim that counsel failed to file a requested direct appeal,] [a]t the PCRA hearing Appellant testified that he wanted to file an appeal after sentencing; that his wife contacted the attorney. **See** PCRA Transcript August 27, 2019, Pg. 4. Appellant also testified that he sent his attorney a letter and that he did not know if she ever received it and did not know the date. **Id.** at 4-5. He also claimed that his attorney sent his wife a text message saying she was not going to file an appeal. **Id.** at 5. His wife did not testify. He also filed a similar PCRA in Lycoming County to reinstate his appell[ate] rights and was granted same. **Id.** at 5-6.

Appellant testified that his attorney did not see him until he went for sentencing in Lycoming County; he never tried to call her; he did not keep a copy of [the] letter he claimed to have sent her. **Id.** at 8-9. Counsel requested that judicial notice be taken of the docket sheet in the Lycoming matter of CP-41-CR-00001249-2018. This docket sheet does indicate that a PCRA Petition was filed and that [a] Post-Sentencing Motion was filed thereafter. It also indicates that sentencing took place on September 16, 2019, less than one (1) month after sentencing in this matter.

Sentencing Counsel testified that she did not receive a letter from Appellant after sentencing; that she had communications with his wife, who did not request an appeal on his behalf; and that she met with Appellant at the Lycoming County jail prior to his sentencing in Lycoming County and he did not discuss appealing the sentence imposed in Bradford County. **Id.** at 11.

PCRA Court Opinion, at 1-3, 4-5.

Appellant filed a timely *pro se* first PCRA petition on March 4, 2020, and the PCRA court appointed present counsel, who filed an amended petition on June 29, 2020. The amended petition raised the two issues asserting that counsel failed to secure for him the lesser sentence that he had been guaranteed and failed to file a requested direct appeal.

The PCRA court held a hearing on October 2, 2020, and filed a decision on October 13, 2020, denying Appellant's PCRA petition. On December 28,

2020, The PCRA court subsequently granted Appellant's request for *nunc pro tunc* relief to file an appeal from the dismissal of his PCRA petition. This appeal follows.

On May 18, 2021, counsel filed a petition to withdraw and a separate letter pursuant to **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006) informing Appellant of his immediate right to proceed *pro se* or with privately retained counsel. The record contains proof of service on Appellant. Appellant has not responded to the withdrawal petition and **Friend** letter.

We begin by determining if counsel has satisfied the requirements for withdrawal. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Friend**, *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial

court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

Instantly, we conclude that counsel has complied with the requirements of ***Turner***/***Finley***. In counsel's no-merit letter, he details the nature and extent of his review, addresses the claims Appellant raised in his PCRA petition, and discusses the reasons for his conclusion that the issues lack merit. Additionally, as noted, counsel served Appellant with a copy of the petition to withdraw and ***Turner***/***Finley*** no-merit letter, and advised Appellant of his right to proceed *pro se* or with privately retained counsel. Thus, we proceed to conduct an independent review of the record to determine whether Appellant's claims merit relief.

According to the ***Turner/Finley*** brief, Appellant first believes ineffective assistance of plea counsel denied him the guarantees made to him during the plea bargaining process that he would receive an 18-month sentence through the SIP Program.[3] Our standard of review applicable to

---

[3] Initially, to the extent Appellant's argument could be construed as a request for specific performance of his plea agreement, we *sua sponte* note that this Court has held, "generally[,] ... if there is a plea bargain to enforce, review of a genuine petition for specific performance of a plea agreement remains
*(Footnote Continued Next Page)*

addressing a PCRA petition raising an ineffective assistance of counsel claim is well-settled. We review PCRA court determinations to ensure that they are supported by the record and free from legal error. ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). The PCRA provides redress where a conviction or sentence results from the ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to be effective. ***Commonwealth v. Bennett***, 57 A.3d 1185, 1195-96 (Pa. 2012). To overcome this presumption, a petitioner must establish by a preponderance of the evidence that "the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice." ***Commonwealth v. Solano***, 129 A.3d 1156, 1162 (Pa. 2015).

Regarding alleged ineffectiveness in the context of the plea-bargaining process, this Court has stated:

_____

outside the aegis of the PCRA." ***Commonwealth v. Kerns***, 220 A.3d 607, 619 (Pa. Super. 2019). Nevertheless, as explained *infra*, we discern no error in the court's merits-based decision to deny him relief . ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) ("[T]his Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis.") (citing ***Commonwealth v. Pursell***, 749 A.2d 911, 917 (Pa. 2000); ***Commonwealth v. Ahlborn***, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)). ***See also Commonwealth v. Romagnolo***, No. 2126 EDA 2020, unpublished decision (Pa. Super., filed June 23, 2021) (affirming order of PCRA court denying relief on petitioner's ineffectiveness claim involving counsel's failure to enforce terms of plea agreement, after observing such petitions may fall outside of PCRA).

Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

The ***Turner/Finley*** brief alludes to the record consisting of both Appellant's written guilty plea and guilty plea hearing in which it was clearly indicated that Appellant was entering an open guilty plea where the court's sentencing discretion was not bound by any agreement. Specifically, at Appellant's sentencing hearing, the Commonwealth indicated to the sentencing court it had agreed during negotiations that it would recommend Appellant be sentenced into the SIP program if Appellant was accepted into the program. Appellant, however, was not accepted:

**PROSECUTOR**: Back on March 29th of 2018, the defendant plead [sic] guilty. . . . [S]entencing was open to the Court, however *Commonwealth was to recommend the defendant be sentenced to the SIP Program should the defendant be accepted to the SIP Program. My understanding is the defendant has not been accepted to that program.* We do have a PSI ready that actually

- 8 -

recommends SIP. We are ready to proceed to sentencing as an open plea technically.

Sentencing Hearing, 8/27/19, at 1, 2.

Nevertheless, as indicated, the Commonwealth still submitted a PSI report recommending SIP and offered no objection to defense counsel's subsequent indication to the court that "[w]e have talked to the D.A. in this case and we would urge the Court to recommend a two (2) year sentence for my client and we have hopes of running the Lycoming County case concurrently with that." N.T. at 2.

PCRA counsel notes herein that Appellant "wishes to present on appeal additional documentation that he located in his own personal records *after* the dismissal of his PCRA petition." That documentation—a letter from counsel to Appellant delivered prior to sentencing—PCRA counsel explains, "confirms that *after the Defendant-Appellant had already entered an open guilty plea,* and after he had been re-arrested following his erroneous release by the Department of Corrections, the Defendant-Appellant's sentencing counsel had informed him that the District Attorney was willing to agree to a two-year minimum, RRRI-eligible sentence." **Turner/Finley** brief, at 3.

PCRA counsel states, however, that such documentation of a post-guilty plea/pre-sentencing arrangement between the defense and the prosecution was, in any event, entirely consistent with what both parties conveyed to the sentencing court at the hearing of August 27, 2019. Furthermore, counsel correctly notes that the documentation was not made part of the record before the PCRA court despite the fact that it was in the possession of Appellant

during the entire relevant time. Finally, counsel posits that the substance of this argument is different from what was argued to the PCRA court, *i.e.*, that Appellant's plea agreement guaranteed him an 18-month sentence through the SIP Program, and thus is not part of the PCRA record presently under review.

On this latter point, the PCRA court dismissed the notion that Appellant had reason to believe he was guaranteed any sentence in the SIP Program, as such a belief was contrary to both the specific advisements and terms contained in his unambiguous written guilty plea and the Commonwealth's statement on the record at the guilty plea hearing that "the sentence would be open to the Court. We are recommending that he be considered for the SIP Program. All remaining counts to be dismissed at sentencing." Plea Hearing, 3/29/18, at 1. As our review of the record confirms the assertions of PCRA counsel and the opinion of the PCRA court in these regards, we find Appellant's first claim of ineffective assistance of counsel to be devoid of arguable merit.

In Appellant's second claim, he maintains the PCRA court erred in denying his ineffective assistance of counsel claim premised on plea/sentencing counsel's failure to file a requested direct appeal. "Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244

(Pa. Super. 2011). *See also Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011) (recognizing that neglecting to file a requested appeal "is *per se* ineffective as the defendant was left with the functional equivalent of no counsel."). "Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (internal footnote omitted). However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [an a]ppellant must prove that he requested an appeal and that counsel disregarded this request." *Commonwealth v. Mojica*, 242 A.3d 949, 955 (Pa. Super. 2020) (internal citations omitted).

On this claim, we observe that the PCRA court presided over an evidentiary hearing at which both Appellant and counsel testified. Appellant stated that he wanted to file a direct appeal from the Bradford County sentence and notified counsel of his wishes through his wife, who, he said, contacted counsel to this effect after the sentencing hearing. PCRA hearing, 10/2/20, at 4. Appellant testified he had written a letter to counsel two to three weeks after sentencing asking for a direct appeal, but he never received a direct response, nor did he keep a copy of this letter he claimed to have written. *Id.* at 9. Instead, Appellant maintained, counsel indicated through a text message to his wife that she was not going to file an appeal on his behalf. *Id.* at 5.

Appellant neither introduced into evidence the purported text messages nor presented his wife to testify in this respect. On cross-examination, moreover, Appellant's testimony suggested that counsel had, in fact, spoken directly to him after his Bradford County sentencing, as he testified that "she told me she was done seeing me, uh, several times and she never came to see me until I went for sentencing in Lycoming County." *Id.* at 8.

For her part, plea/sentencing counsel denied receiving any communication by letter from Appellant after sentencing. *Id.* at 10. She testified that prior to sentencing she had visited Appellant two to three times in Lycoming County jail, but she indicated that her primary mode of communications with him had been by text messages to his wife, who acted as intermediary between Appellant and counsel. *Id.* at 11.

Plea/sentencing counsel testified that she received no text after sentencing expressing Appellant's desire to file a direct appeal. *Id*. Furthermore, counsel claimed that she had met with Appellant in person approximately "a couple weeks" after sentencing in the present case to prepare for his sentencing hearing in Lycoming County, and she maintained that he "absolutely" "did not" raise the matter of filing a direct appeal. *Id.* at 11-12. She confirmed, moreover, that she had explained Appellant's post-sentence rights to him after sentencing, and Appellant did not express an interest in filing a direct appeal. *Id*. at 12.

Based on this record, the PCRA court found plea/sentencing counsel's testimony credible. Specifically, the court noted that Appellant could not

ascertain the date of his letter sent to counsel requesting an appeal, and it found probative the fact that the Lycoming County sentencing hearing took place within the 30-day appeal period in the present matter, and yet Appellant did not claim that he asked counsel again on that day to file a direct appeal or if she had received his letter requesting the appeal. PCRA court Opinion, at 5. As such, the court found Appellant's uncorroborated testimony failed to prove that he asked counsel to file a direct appeal in this case. We are bound by the credibility determinations of the PCRA court, particularly where, as here, those findings are supported by the record. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.")).

From our independent review, we discern nothing in this record to support Appellant's assertion that the PCRA court erroneously dismissed his petition. The PCRA court conducted a thorough review of the record, which included testimonies provided by plea/sentencing counsel and Appellant, and it made a credibility determination in favor of counsel and her assertions that despite her post-sentencing advisements to Appellant of his rights to appeal and her communications and contact with him during the 30-day appeal period in the present case, Appellant did not request that she file a direct appeal on his behalf. For this reason, we conclude Appellant's second ineffective assistance of counsel claim is devoid of merit.

Therefore, having determined that the PCRA court's order must be affirmed, we grant counsel's petition to withdraw pursuant to ***Turner/Finley***.

Petition to withdraw as counsel granted.  Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2021